**BOIS D'ARC CREEK OIL & GAS CO. v. SOUTHWESTERN OIL CORPORATION.   (No. 2231.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1920.)

1. PLEADING ⊂⊃204(3)—PETITION FOR SPECIFIC PERFORMANCE STATED CAUSE OF ACTION FOR BREACH OF CONTRACT AS AGAINST GENERAL DEMURRER.

A petition asking for specific performance of an oil lease, or, in the alternative, damages sustained "by reason of the breach of said contract in the sum of $554,490, the reasonable market value of the said leases which were delivered to the defendant by the plaintiff," which alleged "that the defendant has not returned said leases to plaintiff," stated a cause of action for damages for failure to reassign the leases as provided in the contract, as against a general demurrer.

2. MINES AND MINERALS ⊂⊃78(1)—OIL LEASE HELD TO REQUIRE REASSIGNMENT ON BREACH.

Under an oil lease providing "that in case the party of the second part fails to drill said wells, * * * said $500 shall be forfeited, * * * also oil leases hereby conveyed to be returned to the party of the first part," the party of the second part contracted to return or reassign the leases if the wells were not dug as contracted to be dug.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by the Bois D'Arc Creek Oil & Gas Company against the Southwestern Oil Corporation. Judgment for defendant, and plaintiff appeals. Reversed and remanded for trial.

J. W. Gross and Rogers & Neilson, all of Bonham, for appellant.

Brooks, Worsham & Graham, of Dallas, for appellee.

LEVY, J. The court sustained a general demurrer to the plaintiff's petition, and the appeal is to revise that ruling.

The plaintiff entered into a contract with the defendant whereby the plaintiff transferred and conveyed to the defendant oil and gas leases to approximately 6,000 acres of land, in consideration of the defendant agreeing to drill two wells on the leases, and, in the event oil was found, to pay one-sixth of the oil as royalty to the plaintiff. To insure the drilling of the wells $500 was deposited by the defendant in the bank. It was stipulated that—

"When the first well provided for is drilled to the depth of 1,250 feet such deposit is to be returned to the second party, unless gas or oil is found in paying quantities at a less depth than 1,250 feet."

It was also stipulated:

"That in case the party of the second part fails to drill said wells or either of them in the way and manner specified in this contract, then and in that event said $500 shall be forfeited to the party of the first part as liquidated damages, and said bank is directed in that event to turn said money over to it. Also oil leases hereby conveyed to be returned to the party of the first part."

The petition alleged that the first well was dug to the depth required by the contract and the $500 was returned to the party of the second part as stipulated to be done, and the party of the second part then ceased active operations and permanently abandoned the contract, and "that the defendant has not returned said leases to plaintiff." The petition asks for specific performance, and, in the alternative, for damages sustained "by reason of the breach of the said contract in the sum of $55,490, the reasonable market value

of the said leases which were delivered to the defendant by the plaintiff."

[1, 2] The petition so far as the demurrer is concerned, states a cause of action for damages for failure to reassign the leases contracted to be assigned, but does not state a cause of action for specific performance of the entire contract. Reasonably construing the contract, as alleged and attached to the petition, the defendant contracted to return or reassign the leases if the two wells were not dug as contracted to be dug.

The petition, we think, should be amended so as to more specifically allege a breach of the contract to reassign the leases.

The judgment is reversed, and the cause remanded for trial.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes